UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD SAULSBERY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09CV00024 SNLJ |
| PRIME TRANSPORT, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to compel (#29), filed January 4, 2010. Responsive pleadings have been filed.

This is a personal injury suit involving a vehicle collision that occurred on October 27, 2007, between defendant Parish, a truck driver working as an independent contractor for Prime Transport, Inc., and plaintiff Saulsbery. Defendant Parish admitted fault, and plaintiff brought this action, in part, to establish that Prime Transport, Inc. is vicariously liable for the injuries of plaintiff caused by defendant Parish's alleged negligence. Plaintiff learned in discovery that defendant Parish was taking at least one prescription medication for high blood pressure at the time of the collision. Plaintiff argues that had Parish's high blood pressure and medication been brought up during his Department of Transportation medical examinations, he would have received a limited medical card, impacting the scope of his commercial driver's license (CDL). Disclosure of those medical examinations are the subject of this discovery dispute.

The first part of plaintiff's motion to compel concerns defendants' objections to plaintiff's Third Request for Production of Documents. Defendants filed an amended response that has mooted all issues except for the response to Request No. 3. Oddly, defendants have

produced the document in question – the September 30, 2009 DOT medical examination certificate – despite the fact that they object that the document "is irrelevant and outside the scope of discovery." Having produced the document, however, this part of the motion to compel is now moot, as well, and this Court will consider defendants' "objections" simply as objections to the admission of the document at trial.

The motion to compel is also addressed to interrogatories 1, 2, 3 and 6 (plaintiff presents no argument with respect to defendants' objections to interrogatories 4 and 5) of plaintiff's second set of interrogatories which request information pertaining to Parish's DOT medical examinations and descriptions of medication for which he had a prescription at the time of his examinations. Defendant Parish objected to each interrogatory, stating that each "calls for information that is irrelevant and outside the scope of permissible discovery."

Plaintiff argues that these interrogatories are important and relevant, because they will help to establish that Parish obtained his DOT medical card based on fraudulent disclosures during his medical examinations. Plaintiff explains that the DOT medical examinations are a prerequisite to obtaining a "medical card" pursuant to Federal Motor Carrier Safety Regulation 391.41, and that the medical card, in turn, is a requirement for a valid CDL. Defendant Parish had DOT medical examinations performed on October 18, 2006, October 9, 2008, and September 30, 2009, which are now the subject of interrogatories 1, 2 and 3, respectively.

If it is true that defendant Parish deliberately failed to disclose his medical condition, medical history, and the prescription for medication, then the examinations and certificates issued would, at least theoretically, have been obtained by fraud. This evidence is "reasonably calculated to lead to the discovery of admissible evidence," Rule 26(b)(1), because it may well

relate to whether defendant Parish was qualified to operate a commercial motor vehicle on October 27, 2007, and whether his driving may have been affected by his medical condition or his medication on that date, especially considering that the Federal Motor Carrier Safety Regulations require drivers with hypertension to be re-certified more frequently. Furthermore, records pertaining to a CDL examination are not protected by the physician-patient privilege, and are therefore discoverable. *Hayter v. Griffin*, 785 S.W.2d 590, 596 (Mo. App. 1990).

Plaintiff, however, has requested medical information in interrogatories 2 and 3 that is outside the scope of discovery because he seeks medical information obtained during the examinations in 2008 and 2009, which were after the collision in question. This information is not reasonably calculated to lead to the discovery of admissible evidence. In addition, to the extent that interrogatory 6 – a medical records release authorization – seeks defendant Parish's medical records after the accident in 2007, that, too, is outside the scope of discovery.

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel (#29) is **GRANTED** in part and **DENIED** in part as follows:

1) Plaintiff's motion to compel regarding request for production no. 3 is **DENIED** as moot;

2) Plaintiff's motion to compel answers to interrogatories 1 and that part of 6 pertaining to pre-accident medical care and treatment is **GRANTED**, and defendants shall provide full and complete disclosure within 7 days; and

3) Plaintiff's motion to compel answers to the remaining interrogatories is **DENIED**.

**SO ORDERED** this 10th day of February, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE